IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Davon Logan (#2019-0907022), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 C 0131 |
| v. | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| Ramirez, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants' motion to dismiss [24] is denied. Defendants are directed to answer the amended complaint by March 14, 2022. The Clerk is directed to correct Defendant Berthiaume's name on the docket from the incorrectly spelled "Botheriaum."

**STATEMENT**

Plaintiff Davon Logan, formerly a detainee at the Cook County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983. By order of June 8, 2021, the Court allowed Plaintiff to proceed with a claim that Correctional Officer Berthiaume used excessive force by tightening his leg shackles during a transport to the point that it caused injury, while Officer Ramirez failed to intervene in that use of force. Now before the Court is Defendants' motion to dismiss, to which Plaintiff has responded.

Defendants argue that Plaintiff failed to state a claim for either excessive use of force or freedom from unreasonable restraints. They also contend that Plaintiff failed to allege facts indicating that Officer Ramirez failed to intervene in the alleged constitutional violation.

The Court begins by observing that the Court's screening order pursuant to 28 U.S.C. § 1915A employed the same standard that applies to Rule 12(b) motions to dismiss. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Further, the Court is obligated to liberally construe *pro se* complaints, "holding them to a less stringent standard than pleadings drafted by lawyers." *Id.*

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

Evaluated under this liberal pleading standard, the Court sees no reason to revisit its screening order allowing these claims to proceed.

Plaintiff's claims stem from an incident that occurred on July 30, 2020, as Plaintiff and another inmate were being transported back to the jail from Stroger Hospital. (*See* Pl.'s Am. Compl., Dkt. No. 10, at 5.) The correctional officers transporting them, Berthiaume and Ramirez, put the inmates in the squad car and then inadvertently locked themselves out of the vehicle, with 40 minutes to an hour passing before they could get back inside. (*Id.*) Plaintiff and the other inmate apparently commented about how it was "funny" that the officers could not get back in the vehicle. (*Id.* at pgs. 4-5.) Shortly thereafter, when the officers were able to get back into the vehicle, Plaintiff complained about having to use the bathroom. (*Id.* at pg. 4.) Officer Berthiaume told Plaintiff he could wait until they got back to the jail, and Plaintiff remarked that they already would have gotten back if the officers had not locked themselves out of the vehicle. (*Id.*) Officer Berthiaume then asked Plaintiff if his leg shackles were too tight, and when Plaintiff replied that they were not, tightened them. (*Id.* at pg. 4.)

Plaintiff contends that he told Officer Berthiaume that the shackles were too tight, but the officer laughed at him in response and Officer Ramirez, who was driving, pulled away. (*Id.*) On the way back to the jail, Plaintiff "kept asking" for the shackles to be loosened, but they were not. (*Id.*) With Plaintiff arrived back at Cermak Hospital, another officer told Plaintiff there was blood in his socks and removed the shackles. (*Id.*) Plaintiff states that he noticed that the shackles were "cutting deep in my skin." (*Id.*) Plaintiff describes these as "deep wound[s]," which were bandaged by a nurse. (*Id.*)

Defendants argue, first, that it is unclear whether Plaintiff is proceeding on a claim of excessive use of force or a claim of freedom from unreasonable restraints. They cite *Davis v. Wessel*, 792 F.3d 793, 799–800 (7th Cir. 2015), which drew a distinction between a claim of excessive force and one for "freedom from unreasonable restraints," as recognized in *Youngberg v. Romero*, 457 U.S. 307, 321 (1982). The Court observes that the excessive force label applies when a plaintiff is seeking to impose liability for "physically abusive government conduct," *Graham v. Connor*, 490 U.S. 386, 394 (1989), which is what Plaintiff seeks to do here. But regardless of the precise label placed on Plaintiff's claim, the Seventh Circuit has held that the objective reasonableness standard set forth in *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015), an excessive force case, applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). This requires a showing that the action or condition at issue amounted to punishment because it was not rationally related to a legitimate governmental purpose or was excessive in relation to that purpose. *Kingsley*, 576 U.S. at 398. The plaintiff also must show that the defendant acted with a purposeful, knowing, or perhaps reckless state of mind with respect to his actions toward the plaintiff. *Id.* at 395–96.

Defendants argue that there was a valid penological reason for Plaintiff to be shackled while being transported from the hospital to the jail. Defendants further contend that the amended complaint contains "no factual allegations that the shackling of Plaintiff was done for punitive reasons." (*See* Defs.' Mot. to Dismiss, Dkt. No. 24, at pg. 5.) The amended complaint, however, gives rise to a reasonable inference that Officer Berthiaume tightened the shackles not for legitimate security reasons, but because he was irritated over Plaintiff needling him about the officers having locked themselves out of the vehicle.

Defendants also point out that Plaintiff did not notice that he was bleeding until someone at Cermak Hospital pointed it out. They contend that Plaintiff's injury was *de minimis*, describing it as an "irritation that led to a scraping of Plaintiff's ankle." (*See* Defs.' Mot. to Dismiss, Dkt. No. 24, at pgs. 5-6.) In his response to the motion, however, Plaintiff describes the wounds as "deep tissue cuts." (Pl.'s Resp. to Defs.' Mot. to Dismiss, Dkt. No. 29, at pg. 2.)

It is true that "not every unjustified or malevolent touch by an officer" violates the Fourteenth Amendment. *See Williams v. Dart*, No. 18 C 506, 2018 WL 11239692, at *2 (N.D. Ill. May 10, 2018) (Tharp, J.) (collecting cases holding that use of *de minimis* force against pretrial detainee does not violate Constitution). But injury and force "are only imperfectly correlated," *see Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010), and "[t]he absence of significant injury will not defeat a claim of excessive force." *Williams v. Stauche*, 709 F. App'x. 830, 834–35 (7th Cir. 2017) (unpublished) (citing *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)).

Further, while the officers may well have been justified in shackling Plaintiff during the transport, Plaintiff states that he was not resisting or "being belligerent" at the time the shackles were tightened to a degree that left deep cuts. (Pl.'s Resp. to Defs.' Mot. to Dismiss, Dkt. No. 29, at pg. 2.) Further factual development is required as to the degree of force used and its reasonableness under the circumstances. *See Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009) (observing in a Fourth Amendment context that "an officer may not knowingly use handcuffs in a way that will inflict unnecessary pain or injury on an individual who presents little or no risk of flight or threat of injury.").

Next, Defendants contend that Plaintiff has not adequately alleged that Officer Ramirez failed to intervene because he alleges no facts indicating that Officer Ramirez saw or heard the interactions between Plaintiff and Officer Berthiaume or heard Officer Berthiaume laugh at Plaintiff when Plaintiff asked that the shackles be loosened. (*See* Defs.' Mot. to Dismiss, Dkt. No. 24, at pgs. 7-8.) But while the amended complaint is not a model of clarity, the officers and Plaintiff were confined in a small space together on the trip back to the jail, and Plaintiff alleges that he kept asking for the shackles to be loosened on this trip. Pending further factual development, this is sufficient to raise an inference that Officer Ramirez knew of the unreasonable use of force and had a reasonable opportunity to intervene, but did not do so. *See Wilborn v. Ealey*, 881 F.3d 998, 1007–08 (7th Cir. 2018).

For these reasons, Defendants' motion to dismiss is denied. Defendants are directed to answer the amended complaint by the date set forth above. Finally, the Court observes that Plaintiff's response to the motion to dismiss refers to the officers having been negligent for locking themselves out of the vehicle and having failed to notify their superiors of the incident. But as

stated in the Court's prior screening order, negligence does not violate the Constitution, nor did Plaintiff suffer any injury solely as a result of being locked in the vehicle.  To be clear, Plaintiff is proceeding solely on Fourteenth Amendment claims related to the alleged improper shackling.

Date:  2/22/2022                                              /s/Sharon Johnson Coleman
                                                                                                         Sharon Johnson Coleman
                                                                                                          United States District Judge